## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**ERIC C. DANIELS**                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 5:23-CV-00042-JHM**

**PEOPLE OF THE STATE KENTUCKY,** *et al.*                          **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on initial review of Plaintiff Eric C. Daniels's *pro se* civil-rights complaint [DN 1] and amended complaint [DN 6] pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss Plaintiff's claims.

### I.

Plaintiff, a convicted inmate, is housed at the Luther Luckett Correctional Complex ("LLCC").  He names as Defendants the People of the State of Kentucky; Kentucky Department of Corrections ("KDOC") Commissioner Cookie Crews; Attorney Todd D. Ferguson with the Office of the Attorney General; Hickman Circuit Court Judge Tim (Timothy) A. Langford; Assistant Commonwealth Attorney Mike (Michael) B. Stacy II; Department of Public Advocacy Attorney Etson Whiteside; LLCC Warden Amy Robey; Kim Alexandar; Cassidy Alexandar; Chloe Alexandar; and Ben Natividad.  All Defendants are sued in their individual and official capacities.

Plaintiff states that this is a "civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States." [DN 1 at 1].  Plaintiff pleaded guilty to various criminal charges in two state court cases, 22-CR-00005 and 21-CR-00015.  Plaintiff alleges that "[c]ounsel failed to look at the facts in [his] case and submit any arguments as to [his] true innocence in this case." [DN 6 at 4].  Plaintiff maintains

that the principal witnesses and victims perjured themselves, and the prosecutor withheld exculpatory evidence which demonstrated that Plaintiff was innocent. [*Id.*]. Plaintiff argues that the state's witnesses and victim recanted their testimony and were forced by law enforcement and the "district attorney" to testify falsely. [*Id.*]. Furthermore, Plaintiff contends that no rape kit was performed in the state case. [*Id.*]. Plaintiff seeks money damages, punitive damages, and injunctive relief of "release . . . from prison." [*Id.* at 6].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to

2

be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Official-Capacity Claims for Damages against State Defendants

Plaintiff sues each Defendant in his or her official capacity.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  KDOC Commissioner Crews, Attorney Ferguson, Judge Langford, Assistant Commonwealth Attorney Stacy, and Warden Robey ("State Defendants") are state employees or officials.  Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky.  *See Graham*, 473 U.S. at 166.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks damages from state employees in their official capacities,

Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against the State Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B. Judge Langford

Plaintiff's claims against Judge Langford are subject to dismissal because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Langford in his judicial capacity and within his jurisdictional authority, Plaintiff's individual-capacity claims against him are barred by judicial immunity.

### C. Commonwealth Attorney Stacy

Plaintiff's individual-capacity claims against Stacy are also subject to dismissal because "prosecutors acting in their roles as advocates, i.e., initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity." *Rust v. Larue Cnty. Det. Ctr.*, No. 3:21-CV-P332-DJH, 2021 WL 4976705, at *4 (W.D. Ky. Oct. 26, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976); *Spurlock v. Thompson*, 330

F.3d 791, 797 (6th Cir. 2003)).   Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously.  *See, e.g., Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity to knowingly using false testimony); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).   Therefore, the individual-capacity claims against Stacy must also be dismissed.

### D.  DPA Attorney Whiteside

With regard to Plaintiff's claims against Whiteside, "it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983."  *Webb v. Ky. Dep't of Pub. Advoc.*, No. 5:17-CV-P81-TBR, 2017 WL 3441082, at *2 (W.D. Ky. Aug. 9, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, Plaintiff's claims against Whiteside must be dismissed for failure to state a claim upon which relief may be granted.

### E.  Individual-Capacity Claims against the Remaining Defendants

Despite Plaintiff's naming of a number of additional Defendants in the caption of his complaint, Plaintiff fails to identify the instances of specific wrongful conduct performed by these Defendants.  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts

that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)). "'Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.'" *Cruz v. Forshey*, No. 2:23-CV-194, 2023 WL 3493994, at *6 (S.D. Ohio May 17, 2023) (quoting *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)).

Because Plaintiff has not asserted any factual allegations against the People of the State of Kentucky, Commissioner Crews, Warden Robey, Kim Alexandar, Cassidy Alexandar, Chloe Alexandar, and Ben Natividad, they will be dismissed for failure to state a claim for which relief may be granted.

In as much as any of these Defendants are witnesses who testified at a court hearing or trial, it is well established that witnesses who testify at trial—whether government officials or lay witnesses—are entitled to absolute immunity from suit based on that testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334–46 (1983) (holding that § 1983 does not authorize a plaintiff to assert a claim against a government official for damages for giving false testimony as a witness at a trial or court hearing). A government witness is entitled to testimonial immunity "no matter how egregious or perjurious that testimony was alleged to have been." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)).

## F.  Injunctive Relief

The Court additionally observes that Plaintiff cannot seek release from imprisonment in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment,

his sole federal remedy is a writ of habeas corpus.").  Therefore, Plaintiff's claims for injunctive relief must be dismissed for failure to state a claim.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  November 7, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.014

7